IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lorenzo Dale Williams,            )
    Plaintiff,            )
                )
v.            )            1:12cv1475 (AJT/TRJ)
                )
Richard K. Newman, et al.,            )
    Defendants.            )

MEMORANDUM OPINION

Lorenzo Dale Williams, a Virginia inmate proceeding pro se, has filed a civil rights

action, pursuant to 42 U.S.C. § 1983, alleging malicious prosecution, false arrest, and false

conviction. Plaintiff also alleges that he was denied a preliminary hearing and subjected to "false

indictment and false direct indictment." By Order dated January 3, 2013, defendants Newman,

Nye, Sylvester, Amstead, Sharrett, Humphrey, and Campbell were dismissed for failure to state a

claim, pursuant to 28 U.S.C. § 1915A(b). On March 26, 2013, Officers Byrum, Pak, and

Blankenship submitted a joint Motion to Dismiss, and Ms. Barretto submitted a separate Motion

to Dismiss on April 25, 2013. By this Court's September 3, 2013 Order, Officers Byrum, Pak,

and Blankenship's joint Motion to Dismiss and Ms. Barretto's separate Motion to Dismiss were

denied, without prejudice to their abilities to move for summary judgment. The matter is now

before the Court on defendants' Byrum, Pak, and Blankenship's joint Motion for Summary

Judgment and defendant Barretto's separate Motion for Summary Judgment.  Plaintiff was

provided with the notice required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), dkt. nos. 55 and 58, and plaintiff filed a "Motion to Deny Summary Judgment

with Prejudice," dkt. no. 61. On November 4, 2013, defendants Byrum, Pak, and Blankenship

filed a rebuttal brief. Dkt. No. 62. Similarly, on November 15, 2013, defendant Barreto filed a

reply to plaintiff's motion. Dkt. No. 65. Accordingly, this matter is now ripe for disposition. After careful consideration of all of the foregoing submissions, defendants' Motions for Summary Judgment will be granted, and summary final judgment will be entered in defendants' favor.

## I. Factual Background

The following material facts are uncontested. On November, 27, 2010, Officer Byrum issued two traffic citations to the individual driving plaintiff's car, who claimed to be and signed the tickets as Glenn Williams, plaintiff's brother. See Compl. p.6 of 14; Pl.'s Mot. Den. Summ. J. Ex. 3 and 4; Byrum Dec. On December 12, 2010, Officer Blankenship issued a warning to the individual driving plaintiff's car, who identified himself as Glenn Williams. See Compl. p. 6 of 14; Pl.'s Mot. to Den. Summ. J. Ex. 1; Blankenship Dec. After learning that someone had used his name, Glenn Williams reported to Officer Pak that he believed the person that used his name was his brother, plaintiff, because plaintiff "has done this before about 4 or 5 years ago. He went to jail for it." See Compl. p. 6 of 14; Pl.'s Mot. Den. Summ. J. Ex. 2; Pak Dec.

Upon this information, Officer Pak obtained an arrest warrant and arrested plaintiff. Compl. pp. 6-8; Pak Dec. On February 8, 2011, the Grand Jury in the Circuit Court of the City of Hopewell returned a true bill against Lorenzo Williams in case number CR11000009-00 for unlawfully and feloniously forging a public record on or about December 12, 2010, the warning issued by Officer Blankenship, in violation of § 18.2-168 of the Code of Virginia. See Pl.'s Mot. Den. Summ. J. Ex. 8. On April 12, 2011, the Grand Jury in the Circuit Court of the City of Hopewell returned two true bills against Lorenzo Williams in case numbers CR11000149-00 and CR11000150-00 for forging a public record on November 27, 2010, the two traffic citations

issued by Officer Byrum, in violation of § 18.2-168 of the Code of Virginia. See Pl.'s Mot. Rebut Def.'s Mot. Dismiss Pl.'s Compl. Ex. 19.

Lorenzo Williams failed to appear for the hearing. See Pl.'s Mot. Rebut Def.'s Mot. Dismiss Pl.'s Compl. Ex. 15, 18. A capias was issued for his failure to appear at the hearing for the identity theft and forgery charges. See Pl's Mot. Rebut Def.'s Mot. Dismiss Pl's Compl. Ex. 14. On or about December 1, 2011, Officer Pak arrested Lorenzo Williams. See Pl.'s Mot. Rebut Def.'s Mot. Dismiss Pl.'s Compl. Ex. 8. The charges of identity theft and forging a public record were dismissed by nolle prosequi. See Pl.'s Mot. Rebut Def.'s Mot. Dismiss Pl.'s Compl. Ex. 17, 19, 20.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that

party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the

moving party bears the burden of proving are facts which are material. "[T]he substantive law

will identify which facts are material. Only disputes over facts which might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment."

Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s]

[a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite

Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no

material facts are genuinely disputed and the evidence as a whole could not lead a rational fact

finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

A. Malicious Prosecution and False Arrest

"The extent to which a claim of malicious prosecution is actionable under § 1983 is one

on which there is an embarrassing diversity of judicial opinion." Albright v. Oliver, 510 U.S.

266, 270 n. 4 (1994). The courts of appeals hold divergent views regarding whether and under

what circumstances § 1983 provides a malicious prosecution or false arrest cause of action. See

Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000), cert. denied, 531 U.S. 1130 (2001).   In

this circuit, a § 1983 claim for malicious prosecution and/or false arrest is properly understood

"as a Fourth Amendment claim for unreasonable seizure which incorporates some of the

elements of the common law tort."[1] Id.; see also, Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir.

2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the

---

[1] The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures [.]" U.S. Const. amend. IV.  The "touchstone" of the Fourth Amendment is reasonableness. United States v. Knights, 534 U.S. 112, 118 (2001). Thus, the Fourth Amendment  does not bar all searches and seizures, but only those that are "unreasonable." United States v. Reid, 929 F.2d 990, 992 (4th Cir. 1991).

officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (§ 1983 claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment."). To support a claim of malicious prosecution, a plaintiff must show: (1) the initiation or maintenance of a proceeding by the defendant against the plaintiff; (2) termination of that proceeding favorable to the plaintiff; and (3) lack of probable cause to support that proceeding. Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996); Curtis v. Devlin, 2005 WL 940571 at *6, n. 11 (E.D. Va. Apr. 19, 2005). Similarly, to prevail on a claim of false arrest, a plaintiff must show that the defendant lacked probable cause. Brown, 278 F.3d at 367; see also, Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999).

Here, it is uncontroverted that defendant Byrum and defendant Blankenship took no action to initiate plaintiff's prosecution for identity theft and the forgery charges. Defendants Byrum and Blankenship did not appear before the magistrate. They did not arrest plaintiff, and they were in no way responsible for the charges that the grand jury eventually brought by true bills. Since defendant Byrum and defendant Blankenship took no actions to initiate plaintiff's prosecution, they cannot be liable under § 1983 for malicious prosecution. Brooks, 85 F.3d at 183.

Nor can defendant Pak be liable to plaintiff for false arrest, because ample probable cause existed to arrest plaintiff. For probable cause to exist, the evidence need only be sufficient to warrant the belief of a reasonable officer that an offense has been or is being committed by a particular individual. Curtis v. Devlin, 205 WL 940571 at *7 (E.D. Va. Apr. 19, 2005), citing Wong Sun v. United States, 371 U.S. 471 (1963). A defendant's ultimate acquittal is irrelevant to this inquiry. The determination of whether probable cause exists in a particular situation turns

on whether the suspect's conduct is known at the time to the police officer and whether that conduct would give rise to a reasonable belief on the part of the officer that a criminal offense had occurred. Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992). It is reasonable for a police officer to rely on a victim's statement to establish probable cause. See Tochinsky v. Siwinksi, 942 F.2d 257, 262 (4th Cir. 1991) (holding that it is surely reasonable for a police officer to base his belief in probable cause on a victim's description of the crime and noting that it is difficult to imagine how a police officer could obtain better evidence of probable cause); McKinney v. Richland County Sheriff's Dept., 431 F.3d 415 (4th Cir. 2005) (holding that there is probable cause for an arrest for assault based upon victim's statement); Hunsberger v. Wood, 570 F.3d 546, 556 (4th Cir. 2009) (noting there is no obligation on the part of the officer to investigate the complaining witness's credibility).

Here, it is uncontested that defendant Pak relied on a statement made by Glenn Williams, the victim, to secure a warrant. See Compl. p. 6 of 14; Pl.'s Mot. Den. Summ. J. Ex. 2; Pak Dec. Since defendant Pak had probable cause to believe that plaintiff was the one who signed his brother's name to the November 27, 2010 traffic citations and December 12, 2010 warning, plaintiff's arrest for those offenses did not violate Fourth Amendment principles. See Brown, 278 F.3d at 367. Accordingly, defendants Pak, Byrum, and Blankenship are entitled to summary judgment on plaintiff's claims of false arrest and malicious prosecution.[2]

B. False Conviction

Plaintiff's allegations that he is entitled to damages under a theory of false conviction must also be dismissed.

---

[2] Because defendants have established his entitlement to judgment as a matter of law on plaintiff's claims of false arrest and malicious prosecution, it is unnecessary for the Court to address their arguments on the question of qualified immunity.

> To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As it is undisputed that the identity theft and

forgery charges were dismissed by nolle prosequi, there was no conviction on those charges that

plaintiff can now challenge as unconstitutional. See Pl.'s Mot. Rebut Def.'s Mot. Dismiss Pl.'s

Compl. Ex. 17, 19, 20.  As such, there is no genuine issue of material fact present and

defendants' Motion for Summary Judgment as to this claim will be granted. See Celotex Corp.,

477 U.S. at 322.

        C. Challenges to his Preliminary Hearing

        In his complaint, plaintiff alleges that he was denied a preliminary hearing and accuses

Judge Sharett, who presided over his criminal trial, of getting "the court reporter to rig, make up

or fabricate the record to show plaintiff plead guilty and waived the preliminary hearing."

Compl. p 11 of 14. He goes on to state that "conspirators had denied plaintiff a preliminary

hearing so to conceal their malicious acts." In his Motion to Deny Summary Judgment, he also

argues that "the transcripts of the Court reporter cannot be relied on . . . because it is not

accurately recorded, with the facts from the preliminary hearing." These conclusory allegations

cannot support a finding that defendants' are liable to plaintiff. As such, defendants motions will

be granted as to these allegations.

        D. "False Indictment and False Direct Indictment"

        Petitioner alleges that "the indictment for the 12.12.10 offense is false because Officer S.

Pak had falsely arrested plaintiff."  He goes on to argue that he was denied a "preliminary

hearing, which means no indictment shall be returned."  These bare, and at times convoluted,

arguments regarding the indictments do not support a claim for which relief can be granted under § 1983; thus, there is no issue of material fact genuinely disputed and defendants' motions for summary judgment will be granted as to this claim.  See Matsushita, 475 U.S. at 587

### IV. Defendant Rackly

Defendant Kay H. Rackly never executed and returned a notice of summons and waiver of service. By Order dated January 25, 2013, the Court warned plaintiff that "if the Court is unable to effect service on the defendants Blankenship, Byrum, Rackly, and Barreto through this Order and they are not otherwise served within 120 days of filing, defendants Blankenship, Byrum, Rackly, and Barreto will be dismissed from the instant action without prejudice." Because defendant Rackly was not served within 120 days of January 25, 2013, defendant Rackly will be dismissed.

### V.  Conclusion

For the foregoing reasons, defendants' Motions for Summary Judgment will be granted. Defendant Rackly will be dismissed pursuant to Fed. R. Civ. P. 4(m). An appropriate Order shall issue.

Entered this ___ day of _____ 2014.

Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

8